JONES, C.J.,
concurring in part, dissenting in part:
¶ 70 I concur in all aspects of today’s opinion pertaining to Tucker’s convictions and sentences with the sole exception that I dissent from the majority’s use of harmless error analysis of capital sentencing determinations made by the trial judge in the absence of the jury. In the aftermath of the Supreme Court’s decision in Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002) (Ring II), it is my view that the absence of the jury in the sentencing phase of a capital trial amounts to structural error. The right to jury trial is fundamental. Where a judge, not a jury determines sentencing issues, a violation of the Sixth Amendment of the Constitution of the United States, requiring trial by an impartial jury, has occurred. I would remand the case for resentencing, simply on the basis of the Sixth Amendment violation. See State v. Ring, 204 Ariz. 534, 565-67, ¶¶ 105-14, 65 P.3d 915, 946-48 (2003) (Feldman, J., concurring in part, dissenting in part) (Ring III).